CANNELLA, Judge.
Plaintiff, Dennis Ross, appeals a judgment in a workers’ compensation case filed against Defendant, Oak Manor Farms. We affirm in part and reverse in part.
Plaintiff was employed as a carpenter performing renovations and repairs at Oak Manor Farms, a twenty-six acre property with a main house, two small houses, and two large barns. His injury occurred as he was replacing shutters on one of the small houses when his ladder slipped or lost position, causing Plaintiff to twist and fall to the ground, injuring his neck and back.
Plaintiff filed a Disputed Claim for Compensation on June 15, 1995. On the form provided by the Office of Workers’ Compensation (OWC), he stated that his employer was Oak Manor Farms and that his supervisor was Jude Davis, a friend of the property owner, Kenneth Lobell. An answer was filed by Oak Manor Farms, signed by Kenneth Lobell, denying Plaintiffs claim, asserting that Oak Manor Farms was his residence, not a commercial entity, and that Plaintiff |3was an independent contractor.
After a trial on the merits, the claim was denied. On appeal, this Court reversed and remanded for a determination of the amount of compensation due to Plaintiff. See: Ross v. Oak Manor Farms, 96-1070 (La.App. 5 th Cir. 9/17/97), 700 So.2d 906. On June 8, 1998, a trial to determine the benefits due was held and on July 31, 1998, judgment was rendered.
On December 17, 1998, Plaintiff filed a Motion to Impose Penalties, Interest and Attorney’s Fees and to Enforce Judgment because the judgment had not been paid. A hearing was held on February 12, 1999, during which Plaintiff orally requested that the style of the case be changed to Kenneth Lobell d/b/a Oak Manor Farms. The workers’ compensation judge denied this request, but found in favor of Plaintiff and instructed Plaintiffs attorney to submit a judgment. On April 5, 1999, the judgment submitted by Plaintiff was signed by the workers’ compensation judge. It awarded Plaintiff penalties, interest and attorney’s fees, and ordered a judicial mortgage to be entered according to law. However, the judgment stated that it was against “Kenneth Lobell d/b/a Oak Manor Farms.” As a result, Oak Manor Farms filed an Alternative Motion to Vacate Judgment or Petition to Nullify Judgment and for Contempt. The motion asserted that Plaintiff improperly drafted the judgment against “Kenneth Lobell d/b/a Oak Manor Farms,” in violation of the workers’ compensation judge’s oral denial of Plaintiffs request to amend the name of the party against whom he had obtained a judgment.
A hearing on Defendant’s motion was held on July 8, 1999, and the trial judge vacated the judgment insofar as it named Kenneth Lobell as a party Defendant. On September 14, 1999, a different worker’s compensation judge Rsigned the judgment. The judgment grants the “motions” filed by Oak Manor Farms and states that the judgment of April 5, 1999 is nullified and voided. The next paragraph provides that “that judgment [referring to the April 5, *768 1999 judgment], if any, of this Court, in the above captioned and entitled matter shall only be enforcible [sic] against the commercial entity OAK MANOR FARMS.”
On appeal, Plaintiff asserts that the workers’ compensation judge erred in voiding the entire judgment; in limiting Plaintiffs recovery to Oak Manor Farms; and in removing the language of the judgment that labels the party cast in judgment as “Kenneth Lobell d/b/a Oak Manor Farms.”
La. C.C.P. art. 736 provides:
A person who does business under a trade name is the proper Defendant in an action to enforce an obligation created by or arising out of the doing of such business.
The comments to Article 736 elaborate further:
It has been held that a suit brought against the owner only in the trade name used was sufficient to justify rendition of judgment against the owner. Rea v. Dow Motor Co., 36 So.2d 750, 755-756 (La.App.1948). This [case] results from an excessive liberality of pleading which disregards all of the basic principles of procedure, and will inevitably lead to difficulties. It is regarded as being completely unsound, since the business being done under a trade name is not a legal entity, and is without procedural capacity or status. This article legislatively overrules the Rea decision.
Even though Kenneth Lobell was not properly named a defendant in this action, Plaintiff argues that he waived his objections to lack of personal jurisdiction and lack of citation and service. Plaintiff contends that Kenneth Lobell waived his objections by answering the suit and participating in all of the proceedings.
At the time the claim was filed, La. C.C.P. art. 6 (amended in 1997) and La. C.C.P. art. 7 (repealed in 1997), stated that the court may obtain jurisdiction |sover a party who waived any objection thereto, including lack of citation and service, by making a general appearance, or by failing to timely file the declinatory exception. Art. 6 stated:
Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
(1) The service of process on the Defendant, or on his agent for the service of process;
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent Defendant who is domiciled in this state; or
(3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.
La. C.C.P. art. 7 provided, prior to its repeal in 1997, the following:
A. Except as otherwise provided in this Article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the nonresi-dence of the Defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the Defendant.
In Socorro v. City of New Orleans, 579 So.2d 931, 945-946 (La.1991), the Louisiana Supreme Court held that Art. 7 applies to an unnamed party, as well as a named party. Socorro, 579 So.2d at 945-946. However, the mere physical presence of a party in the proceedings does not *769 constitute a general [ ^appearance for the purposes of waiving personal jurisdiction. U.S. Fidelity and Guaranty Co. v. Hurley, 96-1421 (La.App. 4 th Cir. 8/6/97), 698 So.2d 482, 488.
In Socorro, the unnamed defendant filed a motion for summary judgment, requesting relief from the court. The court found that the totality of the facts showed that the unnamed defendant made a general appearance and submitted to the jurisdiction of the court. In U.S. Fidelity and Guaranty Co., counsel announced that he was appearing at trial on behalf of the unnamed defendant and performed other acts indicating that his client considered itself to be a defendant in the lawsuit. That is not the case here.
When Plaintiff sought to have the case renamed against “Kenneth Lobell d/b/a Oak Manor Farms,” counsel for Oak Man- or Farms objected and argued that Kenneth Lobell had not been cited or served. Plaintiff, therefore, had the burden to prove that Kenneth Lobell made a general appearance and waived jurisdiction over his person. Plaintiff failed to convince the workers’ compensation judge, who denied his request to re-style the name of the case to include the name of Kenneth Lo-bell. We find no manifest error in this determination.
The record shows that Kenneth Lobell signed the answer to the workers’ compensation claim. However, it is unclear whether he was signing on his own behalf or as representative of Oak Manor Farms. Plaintiff bears the burden of proving that Kenneth Lobell made a general appearance and Plaintiff has failed to do this. At trial, Kenneth Lobell testified that Oak Manor Farms was his residence and he denied that he was operating a commercial enterprise. The judgment which was rendered named only Oak Man- or Farms as Defendant. ^Furthermore, although Kenneth Lobell was physically present in all of the proceedings, neither Kenneth Lobell nor his attorney indicated that Kenneth Lobell made a general appearance or waived personal jurisdiction. Thus, we hold that the workers’ compensation judge did not err in nullifying the judgment of penalties and attorney’s fees, insofar as they were awarded against Kenneth Lobell.
Finally, we agree with Plaintiff that the workers’ compensation judge erred in vacating the entire judgment. That was not the finding of the workers’ compensation judge that heard the nullity action, nor is it supported by the record. Thus, we reverse the judgment, insofar as it nullifies and vacates the entire judgment of April 6, 1999.
Accordingly, the judgment of September 14, 1999, nullifying and vacating the judgment of April 5, 1999, is hereby reversed, insofar as it nullifies the award. Therefore, the judgment awarding penalties, attorney’s fees and interest, and the order that a judicial mortgage to be entered in accordance with law, is hereby reinstated against Oak Manor Farms. The judgment is affirmed, insofar as it deletes reference to Kenneth Lobell and orders the judgment of April 5, 1999 to be enforceable solely against Oak Manor Farms.
AFFIRMED IN PART; REVERSED IN PART.